FILED

February 2, 2017

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 12:51 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| VICTOR FUNEZ, | ) | |
| Employee, | ) | **Docket No. 2016-06-1981** |
| | ) | |
| v. | ) | **State File No. 78818-2016** |
| | ) | |
| BROTHERS CONCRETE | ) | **Judge Joshua Davis Baker** |
| COMPANY, | ) | |
| Employer. | ) | |

## EXPEDITED HEARING ORDER FOR TEMPORARY DISABILITY AND MEDICAL BENEFITS (DECISION ON THE RECORD)

This cause came before the Court on a Request for Expedited Hearing filed by Victor Funez pursuant to Tennessee Code Annotated section 50-6-239. Mr. Funez asked that the Court enter an interlocutory order based on its review of the file without an evidentiary hearing. The employer, Brothers Concrete Company, did not object, and the Court issued a docketing notice granting Mr. Funez' request for a decision on the record and giving the parties until January 23, 2017, to file position statements.

Mr. Funez seeks temporary total disability and medical benefits for an alleged work-related right knee injury. Brothers Concrete asserted no defenses to Mr. Funez' requests for temporary disability and medical benefits. For the reasons provided below, the Court holds Mr. Funez would likely prevail at a hearing on the merits in establishing his entitlement to those benefits and orders Brothers to provide them.

### Claim History

As Mr. Funez seeks a decision without an evidentiary hearing, the Court derived the claim history solely from the file documents. Furthermore, as Brothers provided no evidence, the claim history is undisputed.

Mr. Funez is a thirty-seven-year-old resident of Nashville, Tennessee who worked as a concrete slab layer for Brothers. According to a letter from Brother's owner, Abiel Hernandez Vasquez, Mr. Funez earned a weekly salary of $800.00. According to his

affidavit, Mr. Funez injured his right knee on October 3, 2016, when he fell in a hole on a construction site. Mr. Vasquez witnessed the accident.

On October 5, Mr. Funez received treatment from Dr. Paul Rummo at Vanderbilt University Medical Center. He placed Mr. Funez on crutches and recommended an MRI. Dr. Rummo released Mr. Funez to return to work but limited him to "desk jobs." He instructed Mr. Funez to return after the MRI.

On October 26, upon reading the MRI results, Dr. Rummo diagnosed Mr. Funez with grade 1-2 MCL sprain. He prescribed a knee brace and continued the restrictions that limited Mr. Funez to "sit-down" jobs. Dr. Rummo instructed Mr. Funez to gradually increase his activities and return for follow-up in three weeks.

At the follow-up appointment, Dr. Rummo continued the same workplace restrictions and instructed Mr. Funez to return for another follow-up in three weeks. Although Mr. Funez was scheduled to return to Dr. Rummo on December 28, the file contains no medical records from that appointment.

After the work injury, Mr. Funez received no pay and Brothers paid none of his medical bills. On November 2, Mr. Funez sent an investigation request to the Bureau of Workers' Compensation to determine whether Brothers carried workers' compensation insurance. The investigator, Steven Tyler, interviewed Mr. Vasquez, who admitted the accident occurred and that he did not have workers' compensation insurance at the time of the accident.

In his affidavit, Mr. Funez stated he attempted to return to work under his restrictions, but Brothers had no jobs available. He has not worked since the date of the accident.

**Findings of Fact and Conclusions of Law**

In order to grant the relief Mr, Funez seeks, the Court must apply the following legal principles. Mr. Funez bears the burden of proof on all prima facie elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2016); *see also Buchanan v. Carlex Glass Co.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Sept. 29, 2015). He need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing, but has the burden to come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7- 9 (Mar. 27, 2015). The Court finds Mr. Funez carried his burden of proof and is therefore entitled to medical and temporary disability benefits for his workplace injury.

# I. Mr. Funez is entitled to medical treatment.

The Workers' Compensation Law defines an "injury" as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disability, or the need for medical treatment." Tenn. Code Ann. § 50-6-102(14) (2016). An injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment. *Id*. at § 50-6-102(14)(A). An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). "An injury occurs in the course of employment if 'it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto.'" *Hubble v. Dyer Nursing Home*, 188 S.W.3d 525, 534 (Tenn. 2006) (citing *Blankenship v. Am. Ordnance Sys., LLC*, 164 S.W.3d 350, 354 (Tenn. 2005)).

Through his affidavit, Mr. Funez established that he fell in a hole on a construction site and injured his knee. Mr. Vasquez also admitted the accident occurred in this manner. The medical records of Dr. Rummo show Mr. Funez suffered a grade 1-2 sprain of his MCL as a result of the accident. Based on this evidence, which is unrefuted, the Court finds Mr. Funez will likely succeed at a hearing on the merits in proving he suffered an injury arising primarily out of and in the course and scope of his employment for Brothers.

Under Tennessee Code Annotated section 50-6-204(a)(1)(A) (2016) Brothers must provide Mr. Funez past and continuing reasonable and necessary medical treatment with Dr. Rummo, whom the Court appoints as the authorized treating physician. The Court finds treatment with Dr. Rummo appropriate because Brothers failed to provide Mr. Funez medical care, thereby requiring him to seek treatment on his own. *See Young v. Young Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24 (May 25, 2016).

# II. Mr. Funez is entitled to past and ongoing temporary disability benefits.

Mr. Funez additionally seeks temporary disability benefits. In *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015), the Appeals Board held: "An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability." An employee is entitled to receive temporary partial disability benefits, pursuant to Tennessee Code Annotated section 50-6-207(2), when an employee is temporarily unable to work but "the temporary disability is not total." *Jewell v. Cobble Const. and Arcus Restoration,* 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *22 (Jan. 12, 2015).

Dr. Rummo limited Mr. Funez to performing "sit-down" work. In his affidavit, Mr. Funez stated that Brothers did not have a job available within his restrictions, and that he had not worked since the accident on October 3, 2016. Nothing in the medical records indicated Dr. Rummo lifted those restrictions.

Based on these facts, the Court finds Mr. Funez carried his burden of proving he would likely succeed at a hearing on the merits on the issue of temporary partial disability benefits. The Court holds Brothers must pay Mr. Funez accrued temporary partial disability benefits for the period from October 4, 2016, to February 2, 2017, a period of seventeen weeks and three days. He earned a salary of $800 per week while working for Brothers, resulting in a weekly compensation rate of $533.33. Accordingly, Brothers shall pay Mr. Funez $9,295.18 of accrued temporary partial disability benefits. The Court further holds that Brothers must continue these temporary disability payments until Mr. Funez is no longer eligible to receive them.

**III.    Mr. Funez is eligible to apply for benefits pursuant to Tennessee Code Annotated section 50-6-801 *et seq*.**

Although this Court holds Brothers must provide Mr. Funez temporary disability and medical benefits, it is unclear whether payment will be forthcoming, as Brothers did not have workers' compensation insurance at the time of the accident. Under Tennessee Code Annotated section 50-6-802(e)(1), however, the Bureau has discretion to pay limited temporary disability and medical benefits to employees who have established medical causation of their injury and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;

(2) The employee suffered an injury primarily arising out of and in the course and scope of employment after July 1, 2015;

(3) The employee was a Tennessee resident on the date of the injury; and

(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4) (2015).

Here, Mr. Funez established that he injured his right knee when he fell in a hole at a construction site in the course and scope of his employment for Brothers. Mr. Vasquez agreed that the accident occurred and the medical records show that Mr. Funez suffered a knee injury. Accordingly, the Court finds Mr. Funez is likely to prevail at a hearing on

4

the merits in proving he suffered a compensable work-related injury.

The Court finds Mr. Funez successfully established the remaining criteria through his affidavit and the documentation in the case file. The investigation report from Mr. Tyler showed that Brothers, a construction services provider, did not have workers compensation insurance. Mr. Funez stated he suffered an injury on October 3, 2016, so his injury meets the second requirement. Mr. Funez resided in Tennessee at the time of his injury. Finally, Mr. Funez requested the investigation on November 2, 2016, which is well within sixty days of the date of injury. The Court, therefore, holds Mr. Funez meets all the criteria to qualify as an eligible employee under Tennessee Code Annotated section 50-6-801 *et seq*.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Mr. Funez' injuries, including services already received, shall be paid and Dr. Paul Rummo shall serve as the authorized treating physician. Medical bills for Mr. Funez' past and ongoing care shall be furnished to Brothers Concrete by Mr. Funez or the medical providers.

2. Mr. Funez is entitled to receive temporary partial disability benefits from October 4, 2016, until February 2, 2017, in the amount of $9,295.18, and going forward at a compensation rate of $533.33 per week until the time he reaches maximum medical improvement or is no longer entitled to temporary partial disability benefits according to workers' compensation law.

3. **This matter is set for a scheduling hearing on February 27, 2017, at 9:00 a.m. (CST). The Court will convene the scheduling hearing via telephone. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the scheduling hearing.**

4. Mr. Funez is eligible to receive temporary disability and medical benefits from the Uninsured Employer's Fund pursuant to Tennessee Code Annotated section 50-6-801 *et seq.* The clerk shall forward a copy of this order to the Administrator for consideration of payment.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED THIS THE 2ND DAY OF FEBRUARY, 2017.**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

# APPENDIX

1. Affidavits of Victor Funez
2. Request for Investigation
3. Expedited Request for Investigation Report
4. Check Copies
5. Medical Records from Vanderbilt University Medical Center
6. Medical Records from Superior Orthopedics and Prosthetics
7. Letter from Abiel Hernandez Vazquez
8. Petition for Benefit Determination
9. Dispute Certification Notice
10. Request for Expedited Hearing

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing order was sent to the following recipients by the following methods of service on this the __2nd__ day of February, 2017.

| Name | Certified Mail | Via Fax | Via Email | Address |
|------|------|------|------|------|
| **William Merrell** | | | X | bill@higginsfirm.com |
| **Abiel Hernandez Vazquez** | X | | | Brothers Concrete Company 118 Queen Ann Dr. Madison, TN 38115 |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

8